DIRECT FOCUS INC., a Washington corporation, Plaintiff—Appellee,

v.

ADMIRAL INSURANCE COMPANY, a foreign insurance company, Defendant—Appellant.

Direct Focus Inc., a Washington corporation, Plaintiff— Appellant,

v.

Admiral Insurance Company, a foreign insurance company, Defendant— Appellee.

No. 02–35655, 02–35689.

D.C. No. CV–00–05170–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 18, 2003.

Roger Hillman, Donald B. Scaramastra, Kenneth L. Schubert, III, Esq., Karen R. Bertram, Esq., Garvey, Schubert & Barer, Seattle, WA, for Plaintiff–Appellee/Plaintiff–Appellant.

Daniel F. Mullin, Esq., Abbott, Davis, Rothwell, Mullin & Earle, P.C., Seattle, WA, for Defendant–Appellant/Defendant–Appellee.

Patrick N. Rothwell, Abbott, Davis, Rothwell, Mullin & Earle, P.C., Seattle, WA, for Defendant–Appellee.

Before NOONAN, WARDLAW, and PAEZ, Circuit Judges.

### MEMORANDUM *

Admiral Insurance Company ("Admiral") appeals the district court's summary judgment in favor of Direct Focus Inc. ("Direct Focus") in this insurance coverage

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dispute. Direct Focus cross-appeals the district court's judgment denying an award of attorney's fees and costs and summary judgment in favor of Admiral on the enforceability of the parties' settlement agreement.[1] We have jurisdiction under 28 U.S.C. § 1291, and reverse in part, affirm in part, and remand.

■ We reverse the district court's Order Denying Admiral's Motion for Summary Judgment Based on Known Loss Doctrine. Under this doctrine, losses caused by Direct Focus's 1998 television advertisements are not covered by the insurance policy if Direct Focus subjectively knew at the policy's inception that there was a substantial probability it would be sued by Soloflex for these commercials. *See Pub. Util. Dist. No. 1 v. Int'l Ins. Co.,* 124 Wash.2d 789, 881 P.2d 1020, 1030 (Wash.1994). The district court reasoned that because small changes can have significant legal effects, Direct Focus could not have known that its 1998 advertisements would be found to be infringing. By analyzing whether Direct Focus knew it would be liable, rather than whether Direct Focus knew it would be sued, the district court applied the wrong legal standard under Washington law. *See id.*

Applying the correct test, we conclude that Admiral's summary judgment motion should have been granted. Soloflex sent Direct Focus a demand letter requesting that Direct Focus cease and desist running the 1997 television advertisements. This demand letter complained in part of visual and content similarities, including Randy Potter's performance in the advertisements. Nevertheless, Direct Focus only

modified the text of the 1997 advertisements when it aired the 1998 commercials; it continued to feature Randy Potter, and the visual content remained the same. Because the 1998 advertisements did not respond to significant concerns expressed in Soloflex's demand letter, we conclude that no reasonable jury could find that Direct Focus was unaware that it would be sued by Soloflex for the 1998 commercials.

Because Admiral was entitled to summary judgment on the basis of the known loss doctrine, we do not address its other argument for excluding coverage-the First Publication Exclusion. Furthermore, we affirm the district court's refusal to award *Olympic Steamship*[2] fees to Direct Focus because it was not the prevailing party in this coverage dispute. We also affirm the district court's refusal to award costs to Direct Focus under Federal Rule of Civil Procedure 54.[3]

■ Finally, we affirm the district court's ruling that the settlement agreement was enforceable. Direct Focus was not under financial stress when it entered into the settlement. Even if it were, mere financial stress is insufficient to establish duress. *Retail Clerks Health & Welfare Trust Funds v. Shopland Supermarket, Inc.,* 96 Wash.2d 939, 640 P.2d 1051, 1054 (Wash.1982). Moreover, Admiral did not cause the purported duress; whatever financial stress existed resulted from Direct Focus's own decision to run advertisements that were similar to those of Soloflex. *See Puget Sound Power & Light Co. v. Shulman,* 84 Wash.2d 433, 526 P.2d 1210, 1216 (Wash.1974). We also note that Direct Focus had the benefit of counsel, a

---

1. Because the parties are familiar with the facts, we recite them only as necessary to our disposition.

2. *Olympic S.S. Co., Inc. v. Centennial Ins. Co.,* 117 Wash.2d 37, 811 P.2d 673 (Wash.1991).

3. This, of course, does not preclude the district court from awarding costs to Admiral under Rule 54 in light of our reversal of the district court's summary judgment ruling.

factor that weighs against a finding of duress. *See Pleuss v. City of Seattle,* 8 Wash.App. 133, 504 P.2d 1191, 1194 (Wash. Ct.App.1972). Additionally, Direct Focus's claim of duress is belied by the sizable consideration it received for its modest waiver: Admiral's up-front payment of $3 million, and a guaranteed payment of $1.5 million to Direct Focus even if it lost the coverage dispute.

Accordingly, we affirm the district court's ruling enforcing the settlement agreement, and its denial of costs and fees to Direct Focus. However, we reverse the district court's summary judgment in favor of Direct Focus on the known loss doctrine, and hold that as a matter of law Admiral is entitled to summary judgment on the basis of that doctrine. We remand for further proceedings consistent with this disposition.

AFFIRMED in part, REVERSED in part, and REMANDED.